IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|   |   |
|---|---|
| DOROTHY MITCHELL, | X |
| Plaintiff, | X |
| vs. | No. 01-2141-G/V |
| PER-SE TECHNOLOGIES, INC., | X |
| Defendant. | X |

ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Dorothy Mitchell filed an employment discrimination complaint under Title VII, 42 U.S.C. § 2000e-5, alleging that Per-Se Technologies, Inc. (Per-Se) retaliated and discriminated against her on the basis of her race, sex, and religion. Plaintiff alleged that she was terminated after reporting acts of sexual harassment to management. The charge of discrimination attached to the complaint revealed that plaintiff filed a claim with the Tennessee Human Rights Commission (THRC) for retaliation after complaining of sexual harassment. Plaintiff was directed to amend her complaint to demonstrate exhaustion of the other claims presented in her complaint. On June 20, 2001, plaintiff filed a letter with attachments. On November 5, 2001, Per-Se filed an answer to the complaint.

On December 14, 2001, Per-Se file a motion for partial summary judgment and memorandum in support with exhibits. On March 6, 2002, plaintiff filed a response to the defendant's motion.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  3-29-02



The following undisputed facts appear in the record.

1. Plaintiff Dorothy Mitchell is a former employee of Per-Se's Memphis, Tennessee office. (Plaintiff's complaint and amended complaint).

2. Per-Se discharged plaintiff on November 21, 2000. (Plaintiff's complaint, para. 10).

3. On November 22, 2000, plaintiff filed a charge of discrimination with the EEOC and THRC, alleging that she was terminated from Per-Se "in retaliation for complaining to management, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Charge attached to complaint).

4. Plaintiff checked only one box - that labeled "retaliation" - as the basis for her charge. (Charge attached to plaintiff's complaint).

5. There is no evidence in the record that plaintiff filed any other charge or that the EEOC investigated any claim other than plaintiff's allegation of retaliation.

6. On November 27, 2000, the EEOC issued to plaintiff a dismissal and notice of right to sue, remarking that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Notice attached to plaintiff's complaint).

7. On February 26, 2001, plaintiff filed a complaint attaching a copy of the charge of discrimination and notice of right to sue. (Plaintiff's complaint, para. 12; charge and notice attached to complaint).

8. Plaintiff alleged in her complaint that she was discriminated against by Per-Se on the basis of race, sex, and religion. (Plaintiff's complaint, para. 9).

9. In response to the court's order, plaintiff filed an amended complaint on June 20, 2001, providing further factual detail of her claims. (Plaintiff's amended complaint).

The grounds for defendant's motion for summary judgment are:

A. Plaintiff has failed to exhaust her administrative remedies on her claims of race and religious discrimination; and

B. Plaintiff cannot establish that the EEOC investigation of her charge of retaliation revealed evidence of a difference type of discrimination.

2

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party is unable to make such a showing, summary judgment is appropriate.

Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

Pursuant to Rule 56(e), a "party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citations omitted). A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Id. In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

This court thus must determine whether the defendant has established the absence of a genuine issue of material fact as to

race and religious discrimination under Title VII.  Plaintiff was given an opportunity to amend her complaint to address the issue of exhaustion of administrative remedies on claims other than her claim of retaliation.  Plaintiff was given additional time to respond to the defendant's motion to dismiss.  Plaintiff's amended complaint and response to Per-Se's motion for partial summary judgment fail to address her failure to file a charge of discrimination for either race or religious discrimination.

The administrative filing requirement that a Title VII plaintiff exhaust her administrative remedies, while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court.  See Haithcock v. Frank, 958 F.2d 671, 675 (6th Cir. 1992) ("A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted."); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486-87 (6th Cir. 1989)(same); Parsons v. Yellow Freight System, Inc., 741 F.2d 871, 873 (6th Cir. 1984) ("The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, the preferred means for resolving employment discrimination disputes.") (internal quotation marks omitted).  In Parsons, the Sixth Circuit held that:

> The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, "the preferred means for resolving employment discrimination disputes."

Parsons, 741 F.2d at 873; accord Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974). These investigatory and conciliatory procedures also notify potential defendants of the nature of plaintiff's claims. Davis v. Sodexho Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998). Thus, if a plaintiff did not first present a claim to the EEOC, that claim may not be brought before the federal courts on appeal. Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th Cir. 1985), amended, 784 F.2d 1407 (9th Cir. 1986); Jackson v. Ohio Bell Telephone Co., 555 F. Supp. 80 (S.D. Ohio 1982).

Haithcock directs the district court to liberally construe the pro se complaint so as "to encompass all charges reasonably expected to grow out of the charge of discrimination" in determining whether a plaintiff properly raised charges at the administrative level so as to permit subsequent federal court jurisdiction. Haithcock, 958 F.2d at 675 (internal quotation marks and citations omitted). "[C]harges of discrimination, which are filed by lay complainants, should not 'result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading.'" Id. (quoting EEOC v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir. 1980)).

5

Here, Mitchell's charge of discrimination filed with the EEOC and THRC did not allege any incidents of unlawful racial or religious discrimination. Mitchell's states as follows:

> In November 1999, I complained to Management regarding my evaluation and the sexual harassment that I was receiving from my co-workers. On October 25, 2000, I received an Employee Performance Improvement Form regarding my work performance and mannerism (stating that I spoke in an unprofessional manner to Management and my co-workers). I was informed that if reoccurrence of the issues occurred, it would result in immediate termination. On November 21, 2000, I was discharged from my position of Medical Biller. The reason given for my discharge was insubordination. I had been employed with the above named employer since December 1, 1998.
>
> I believe I was discriminated against in retaliation for complaining to Management, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The scope of the investigation reasonably expected to grow out of her EEOC charge does not include race or religious discrimination claims. Neither does plaintiff present any basis for a contention that the EEOC investigation of her retaliation charge revealed any evidence of racial or religious discrimination. Davis, 157 F.3d at 463. In this case, plaintiff's charge was dismissed five days after her filing date with the EEOC taking no action. Plaintiff's charge contains no allegations of any acts demonstrating racial or religious discrimination or facts supporting any inference of such claims.

Accordingly, plaintiff has failed to pursue administrative relief under Title VII on her claims of race and religious discrimination, and this court lacks jurisdiction of those claims. There is no dispute as to any material fact that plaintiff's claims

6

...

of race and religious discrimination are unexhausted, and the defendant is entitled to judgment on these claims as a matter of law. Accordingly the defendant's motion for partial summary judgment is hereby GRANTED, and the claims of race and religious discrimination are dismissed.

This order of partial dismissal is not a final, appealable order. Thus, any appeal by plaintiff would be without jurisdiction. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 26th day of March, 2002.

Julia Smith Gibbons
JULIA SMITH GIBBONS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:01-CV-02141 was distributed by fax, mail, or direct printing on March 29, 2002 to the parties listed.

Dorothy Mitchell
3244 Shannon Cir.
Memphis, TN 38118

Robert P. Riordan
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309

Lisa M. Durham
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309

Honorable Julia Gibbons
US DISTRICT COURT