IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Dorothy Mitchell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) FILE No. 01-CV-2141 |
| | ) |
| Per-Se Technologies, Inc. | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment. For the reasons stated below, the motion is GRANTED.

### I. Background

This claim arises under 42 §§ U.S.C. 2000e-2(a) and 2000e-3(a), parts of legislation commonly referred to as "Title VII."[1] Plaintiff Dorothy Mitchell alleges that Defendant Per-Se Technologies, Inc. ("Per-Se") (1) discriminated against her by creating a hostile work environment and (2) retaliated against her after she complained to management about the alleged discrimination and filed complaints with the Equal Employment Opportunity Commission (the "EEOC").

Defendant Per-Se is a holding company that owns other

---

[1] The Court granted partial summary judgment on Defendant's motion for partial summary judgment on March 26, 2002 regarding Plaintiff's claims of racial and religious discrimination.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on ___9/11/02___



corporations engaged in the business of healthcare technology. Plaintiff worked in Defendant's Memphis office of PST Services, Inc. ("PST"), a wholly owned subsidiary of Per-Se, as a medical biller, where her primary duties involved data entry.[2] Defendant hired Plaintiff for the job on December 1, 1998.

During her employment at PST, Plaintiff alleges certain instances of harassment by her co-workers, all of which occurred before the end of 1999. Plaintiff contends that on several occasions her co-workers teased and ridiculed her based upon their assumptions regarding her sexuality. They often called her a lesbian and from time to time spoke about sex in her presence. Plaintiff alleges that her supervisor refused to train her soon after she was hired in 1998 because she believed that Plaintiff was a lesbian. Additionally, Plaintiff contends that one co-worker hugged and kissed her one time and that another co-worker asked Plaintiff if she had ever kissed a woman.

As a result of these alleged incidents, Plaintiff called the Compliance Hotline in February 1999 and in November or December 1999. The Compliance Hotline is a toll-free telephone number that Per-Se makes available to employees of each of its subsidiaries. Employees may report their concerns via this Hotline whenever there is an issue of violations of law. The employees are

---

[2] In Defendant's Memorandum of Facts and Law in Support of its Motion for Summary Judgment, Defendant asserted that it was not Plaintiff's employer. Since the Defendant did not challenge its status as employer in its November 1, 2001 Answer, Per-Se is considered Plaintiff's employer for purposes of this analysis.

informed of the Hotline's availability through Per-Se's Employee Handbook, its Standards of Conduct, and in compliance training.

On October 25, 2000 Plaintiff received a written warning regarding her performance and her unprofessional conduct toward co-workers and superiors. At that time Plaintiff was warned that if she engaged in any further acts of insubordination, she was subject to immediate discharge. After receiving a complaint about the status of a client's account, PST determined that it was necessary to transfer the Medicare billing on that account from Plaintiff's desk to another employee. When Barbara Gullett, Plaintiff's supervisor, informed Plaintiff of that decision on November 21, 2000, Plaintiff went to the office of the general manager, Michael Reid, to complain about the transfer. Plaintiff raised her voice with both her supervisor and with Reid. Reid considered this an act of insubordination and, as a result, terminated Plaintiff's employment on November 21, 2000.

Plaintiff filed a charge with the EEOC on November 22, 2000, alleging that her termination was in retaliation for her previous complaints. The EEOC issued a Right to Sue letter on Plaintiff's claim on November 27, 2000. Plaintiff filed suit in this Court on February 26, 2002, within 90 days of the Right to Sue letter.

## II. Discussion

A. <u>Summary Judgment Standard</u>

Under Federal Rule of Civil Procedure 56(c), summary

judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," id. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the

evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

### B. Hostile Environment Claim

The statute of limitations period for Title VII actions after an EEOC complaint is filed is 300 days. 42 U.S.C. § 2000E-5(e)(1). "In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment." National R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2075 (2002). The last act that Plaintiff alleges that could be construed as sexual harassment occurred on December 1, 1999. Thus, the statute of limitations period ran on September 26, 2000. Since the plaintiff did not file her charge with the Tennessee Human Rights Commission until November 22, 2000, her hostile environment claim is barred under the statute of limitations period.

### C. Retaliation

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing," in connection with an unlawful employment practice. 42 U.S.C. § 2000e-3(a). A prima facie retaliation claim is established by showing the following:

(1) that plaintiff engaged in an activity protected by Title

VII;

(2) that the exercise of [the plaintiff's] civil rights was known by the defendant;

(3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and

(4) that there was a causal connection between the protected activity and the adverse employment action.

Williams v. General Motors Corp., 187 F.3d 553, 568 (6th Cir. 1999).

Plaintiff fails to set forth a prima facie case regarding retaliation because she fails to establish the causation element. Causation may be inferred from such factors as temporal proximity and differential treatment of similarly situated comparators. Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000). According to the record, Plaintiff called the Compliance Hotline around November or December 1999 to complain about her co-workers teasing. Plaintiff was terminated on November 21, 2000. More than a year lapsed between Plaintiff's call to Compliance regarding alleged co-worker harassment and Plaintiff's discharge. As a result, Plaintiff cannot demonstrate proximity as a factor to determine causation. Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (holding that temporal proximity is sufficient to establish causation only when "very close"). Furthermore, there is no evidence of causation beyond the plaintiffs calls to compliance in November or December 1999, one year before the

termination of her employment. As Plaintiff cannot establish the causation element, her claim must fail.

**Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED.

So ORDERED this 9th day of September 2002.

_____
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:01-CV-02141 was distributed by fax, mail, or direct printing on September 11, 2002 to the parties listed.

Dorothy Mitchell
3244 Shannon Cir.
Memphis, TN 38118

Robert P. Riordan
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309

Lisa M. Durham
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309

Honorable Samuel Mays
US DISTRICT COURT